IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Eric R. Wilson                      Case No. 3:15 CV 1675

          Plaintiff,            MEMORANDUM OPINION
                                    AND ORDER
    -vs-
                                    JUDGE JACK ZOUHARY
Gary Mohr, et al.,

          Defendants

## INTRODUCTION

Pro se Plaintiff Eric Wilson, an inmate at the Toledo Correctional Institution ("TCI"), brings this 42 U.S.C. § 1983 action against 22 Defendants, employees of the Ohio Department of Rehabilitation and Correction ("ODRC"). For the reasons below, this Court dismisses the Complaint (Doc. 1).

## BACKGROUND

Wilson has been held at the Lorain, Madison, Mansfield, Warren, and Toledo Correctional Institutions (Doc. 1 at 6–7). At each institution, Wilson requested x-rays and treatment for pain in his feet, knees, hips, and lower back (*id.*). "[M]edical staff ignored the plea for x-rays and treatment [because s]taff believed Wilson was seeking pain medication and had no true medical need" (*id.* at 6). TCI staff eventually ordered an x-ray, which revealed heel spurs -- "calcific enthesopathy at the insertion of the achilles tendon and origin of the plantar fascia," a painful condition (*id.* at 7).

Wilson further alleges that ODRC hires only doctors who "agree [that] pain management is not good medicine" (*id.* at 8). That treatment stance is a "2%" minority viewpoint that conflicts with

the "98%" of medical professionals who disapprove of withholding pain medication from patients (*id.*). ODRC "believe[s] that pain management is addictive and should not be given to inmates for relief" (*id.* at 9).

Finally, Wilson says Defendants violated his constitutional rights by requiring prisoners to pay for medical treatment, even though Wilson is "a ward of the state of Ohio" (*id.*). Wilson alleges that ODRC "double-dips," by using state-budgeted funds to pay for medical care while at the same time charging Wilson for each visit (*id.*). In charging for inmate medical care, ODRC "go[es] beyond the $25.00 limit set out by the courts" (*id.*).

Wilson's prayer for relief asks for $1 million in damages, and injunctive relief ordering ODRC to abandon its no-pain-medication policy and make x-rays and medical resonance imaging "standard" (*id.* at 10). He also asks for changes to the prison grievance process (*id.*).

## STANDARD OF REVIEW

This Court must dismiss a civil action, filed by a prisoner against a government official, if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. §1915A(b). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quotation marks omitted). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. A plaintiff need not include detailed factual allegations in the complaint, but "an unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Iqbal*, 556 U.S. at 678. This Court construes a complaint's factual

2

allegations in the light most favorable to the plaintiff. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008).

## DISCUSSION

To state a deliberate indifference claim, Wilson must allege facts that satisfy the objective and subjective components of that claim. First, Wilson must allege that he suffered from a "sufficiently serious" medical need. *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir.2012). Second, Wilson "must demonstrate Defendants acted with a sufficiently culpable state of mind in denying medical care." *Id.* (quotation marks omitted). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

This Court assumes, without deciding, that Wilson's undetected heel spurs are a sufficiently serious medical need. However, the Complaint does not allege any of the Defendants were deliberately indifferent to that need.

The Complaint provides none of the 22 Defendants notice of **how** their own conduct violated the Eighth Amendment. *See Iqbal*, 556 U.S. at 676. Further, Wilson does not plausibly allege that his requests for medical treatment were ignored. Though the Complaint says that "all treatment was denied" (Doc. 1 at 7), attachments to the Complaint state that, since at least 2009, Wilson has been seen by a podiatrist (Doc. 1-1 at 3); *see also Powell v. Messary*, 11 F. App'x 389, 390 (6th Cir. 2001) ("An examination of the record shows that the defendants provided [plaintiff] with medical treatment for his condition, even though he may not have been satisfied with the treatment that he received."). Wilson instead complains that he did not receive an x-ray as requested, and prison staff withheld pain

3

medication for fear that Wilson would become addicted to that medication. Wilson may disagree with the type and quality of medical care he received. He may also plausibly allege that ODRC staff was negligent for not having discovered his heel spurs sooner. Neither of these things suffices to plausibly allege deliberate indifference. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment"); *Westlake*, 537 F.2d at 860 n.5.

Wilson does not identify the constitutional protection that is implicated by ODRC's "double-dip" policy. The State of Ohio has an "obligation to provide medical care for those whom it is punishing by incarceration." *Estelle*, 429 U.S. at 103. But Wilson cites no case that holds the State must provide that medical care for free, and he does not allege that he cannot afford to pay these fees, using wages he earns from his prison work assignment. Allegations that ODRC violates state law in how it bills for medical services -- for example, exceeding the $25 limit -- do not support a Section 1983 claim.

## CONCLUSION

For these reasons, this action is dismissed pursuant to 28 U.S.C. § 1915A. Plaintiff's Motions to Release Names (Doc. 2), to Proceed without Prepayment (Doc. 3), and for Summary Judgment (Doc. 4) are denied as moot. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that Wilson could not take an appeal from this decision in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 30, 2015